**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEECO, LLC, | Case No.: 1:24-cv-07432 |
| Plaintiff, | COMPLAINT |
| v. | |
| CHRISTOPHER GRASSI, | |
| Defendant. | |

Plaintiff, Keeco, LLC ("Plaintiff" or "Keeco"), by and through its attorneys, Thompson Hine LLP, for and by its Complaint against Defendant Christopher Grassi ("Defendant" or "Grassi") alleges as follows:

**PRELIMINARY STATEMENT**

Defendant Christopher Grassi entered into a written "Employment Agreement" with Plaintiff Keeco on or around September 19, 2022 whereby Grassi was to act as Chief Executive Officer of Keeco until his employment ended as provided by the terms thereof (the "Employment Period"). Pursuant to the Employment Agreement, all provisions except Sections 1, 2, and 3 survive termination or expiration of the Employment Period and remain in full force and effect after the Employment Period. One such continuing obligation is Grassi's duty to cooperate with Keeco in any internal investigation, which includes without limitation, participating in investigative interviews and providing all pertinent information and documents related to any investigation.

In August 2024, Keeco discovered information indicating potential misconduct by Grassi in breach of his fiduciary duties to Keeco and in breach of the Employment Agreement. Keeco has

been investigating Grassi's potential misconduct and requested Grassi's cooperation in the investigation pursuant to the Employment Agreement.  Grassi has refused.

By way of this Complaint, Plaintiff seeks to enforce its express rights under the Employment Agreement which require Grassi's cooperation with Keeco in connection with the internal investigation. Plaintiff seeks injunctive relief compelling Defendant to perform under the terms of the Employment Agreement by cooperating in Plaintiff's internal investigation.   Plaintiff also seeks money damages for the harm caused by Grassi's breach.

## PARTIES, JURISDICTION, AND VENUE

1.	Plaintiff Keeco, LLC is a limited liability company formed under the laws of the State of Delaware and does business in New York.  Based upon the residency of its direct and indirect members, Plaintiff is a resident of the State of Delaware.

2.	Upon information and belief, Defendant Christopher Grassi is a United States citizen, domiciled in New York, and is believed to reside in New York, New York.

3.	This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) (diversity) because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

4.	Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

5.	On or about September 19, 2022, Keeco and Grassi entered into a written "Employment Agreement," a true and correct copy of which is attached hereto as Exhibit A.

6.	Pursuant to the Employment Agreement, Grassi was to serve as the Chief Executive Officer of Keeco from September 19, 2022 until the expiration of the Employment Period based

upon Grassi's employment ending, either by Grassi's resignation, Keeco's termination of employment with or without cause, or upon Grassi's disability or death Employment Period Employment Agreement, Sections 1 and 4.

7. Section 9(m) of the Employment Agreement states that all provisions of the Employment Agreement, except for the provisions of Section 1, 2, and 3, "shall survive termination or expiration of the Employment Period and shall remain in full force and effect after the Employment Period." Employment Agreement, Section 9.

8. Among the continuing obligations under the Employment Agreement are Grassi's duty to cooperate with Keeco in any internal investigation including without limitation, being available to Keeco for interviews, factual investigations, appearing at Keeco's request to give testimony and providing Keeco all pertinent information and all relevant documents which are in or may come into Grassi's possession, as set forth in Section 9(j). *Id.*

9. On or about August 29, 2023, Grassi resigned from his position as Chief Executive Officer of Keeco. A true and correct copy of Grassi's Letter of Resignation is attached as <u>Exhibit B</u>.

10. Thereafter, on or about September 20, 2023, Grassi and Keeco executed a written "Separation Agreement," detailing the terms of his resignation from Keeco. A true and correct copy of the Separation Agreement is attached as <u>Exhibit C</u>.

11. Under Section 4(a) of the Separation Agreement, Grassi specifically acknowledged and agreed that, "in accordance with Section 9(m) of the Employment Agreement, he remains obligated to comply with all provisions of the Employment Agreement (except Sections 1, 2 and 3 thereof), which provisions shall continue to apply, in accordance with their terms, on and after the Separation Date, notwithstanding Executive's termination of employment and release of

claims. These continuing provisions include, but are not limited to, Section 4(b)(x) and (y), Section 5 (Confidential Information), Section 6 (Non-Competition; Non-Solicitation; Non-Disparagement), Section 9(g) (Remedies) and Section 9(j) (Executive's Cooperation) of the Employment Agreement."  Separation Agreement, Section 4.

12. In August 2024, Keeco discovered information indicating that Grassi may have been violating his fiduciary duties to Keeco and contractual obligations under the Employment Agreement by wrongfully misusing confidential and proprietary business information to compete with Keeco and engaging in other wrongful and improper activity, including interfering with Keeco's relationships with its customers, suppliers, and employees.

13. In light of the information Keeco discovered regarding Grassi's potential misconduct, Keeco began an international investigation to determine the full extent and impact of Grassi's actions.

14. On or about September 3, 2024, Keeco notified Grassi of his continuing obligations under the Employment Agreement including his obligations under Section 9(j) of the Employment Agreement and requested that Grassi appear for an in person interview and produce all documents relating to the investigation. A true and correct copy of Keeco's September 3, 2024 letter to Grassi is attached as Exhibit D.

15. Shortly thereafter, on or about September 10, 2024, Grassi responded to Keeco's September 3rd letter notifying Keeco that he would not participate in any investigation or interview. A true and correct copy of Grassi's September 10, 2024 letter is attached as Exhibit E.

16. Prior to filing this Complaint, Keeco responded to Grassi's September 10, 2024 letter and made clear Keeco would enforce its rights and remedies on account of Grassi's breach of the Employment Agreement.  A true and correct copy of Keeco's letter is attached as Exhibit F.

## **COUNT I – BREACH OF EMPLOYMENT AGREEMENT**

17. Plaintiff Keeco incorporates by reference Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Plaintiff Keeco and Defendant Grassi entered into a written Employment Agreement on or about September 19, 2022.

19. Pursuant to the Employment Agreement, under Section 9(j), Grassi is required to cooperate with Keeco in any internal investigation including without limitation, being available to Keeco for interviews, factual investigations, appearing at Keeco's request to give testimony and providing Keeco all pertinent information and all relevant documents which are in or may come into Grassi's possession.

20. Under Section 9(m) of the Employment Agreement, Section 9(j) remains in full force and effect despite the termination or expiration of the Employment Period.

21. Defendant Grassi breached the Employment Agreement in at least the following ways:

    a. By refusing to cooperate with Keeco's internal investigation into Grassi's potential breaches of his fiduciary and contractual duties to Keeco by engaging in activities that constitute competition, solicitation, and disclosure of confidential information;

    b. By refusing to participate in an interview regarding Keeco's investigation; and

    c. By refusing to provide to Keeco all documents relating to Keeco's investigation.

22. Plaintiff Keeco performed all or substantially all of its obligations under the Employment Agreement, except to the extent excused by Defendant's breaches of the Employment Agreement.

23. As a result of such breach, Plaintiff has been harmed and will continue to be harmed in an amount subject to proof at trial in this action, but in excess of the jurisdiction of the Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Keeco hereby demands judgment in its favor and against Defendant Grassi as follows:

    a. For an order compelling Defendant to specifically perform under the Employment Agreement by cooperating in Plaintiff's investigation;

    b. For compensatory damages according to proof;

    c. For costs of suit; and

    d. For such other and further relief as the Court deems just and proper.

Dated: October 1, 2024                        Respectfully submitted,

                                                      */s/* Curtis L. Tuggle
                                                      Curtis L. Tuggle NY - 5149141
                                                      Richard A. De Palma NY - 2469914
                                                      **THOMPSON HINE LLP**
                                                      300 Madison Avenue, 27th Floor
                                                      New York, New York 10017-4611
                                                      T: 212-344-5680 / F: 212-344-6101
                                                      Curtis.Tuggle@Thompsonhine.com

                                                      *Counsel for Keeco, LLC*