# Exhibit D

# CENTRE LANE PARTNERS

September 3, 2024

Chris Grassi
335 Greenwich Street, Apt. 4B
New York, NY 10013
chrisgrassi57@gmail.com

Re: Breach of Fiduciary Duties and Employment Agreement

Dear Mr. Grassi:

We are in receipt of your notice of intention to resign from the Keeco board of directors. We do not believe the timing of your notice is coincidental as Keeco recently discovered several facts indicating that you have been breaching your fiduciary duties to the company by wrongfully misusing confidential and proprietary business information to compete with Keeco and engage in other wrongful and improper activity, including tortious interference with Keeco's relationships with its customers, suppliers, and employees. Keeco intends to fully enforce its rights and remedies under your agreements with the company and applicable law. Keeco directs you to cease and desist from further wrongful and improper actions causing substantial harm to the business in violation of your duties.

As you are well aware, as a board member and while you were an executive officer of Keeco, you owed the company the highest duty of loyalty, care, and good faith, and were required to act in the best interests of the company and its shareholders at all times. You also entered into an Employment Agreement with Keeco on September 19, 2022, which contain several provisions that expressly prohibit you from disclosing, using, or exploiting any confidential or proprietary information of Keeco, or from competing with Keeco or soliciting its customers, suppliers, or employees, during or after your employment with Keeco. These provisions are intended to protect Keeco's legitimate business interests and goodwill, and to prevent any unfair or unlawful advantage by former employees or competitors.

Specifically, Section 5 of your Employment Agreement states:

Executive acknowledges that Employer operates in a highly competitive industry and that its success depends in part on protecting the confidentiality of certain confidential information of Employer and its Affiliates, including as specified in this Section 5. [...] Executive will not at any time (whether during or after the Employment Period) (i) retain or use for the benefit, purposes or account of Executive or any other Person (other than Employer), or disclose, divulge, reveal, communicate, share, transfer or provide access to any Person outside Employer (other than Employer's professional advisers or other Persons who are bound by confidentiality obligations with Employer), any Confidential Information. [...] Employer's "Confidential Information" means: (i) the identity of contacts at customers; (ii) customer prospects, corporate business structure and business units; (iii) customer-specific information, including customer confidential information and customer use scenarios; (iv) product road maps and future releases; (v) research projects and planned products; (vi) third party code and other proprietary information technology; (vii) acquisition plans, targets, documents and strategies; and (viii) financial, operational and other non-public information about Employer and its Subsidiaries....

Section 6 of your Employment Agreement states:

During the Employment Period and for a period of twelve (12) months thereafter (the "Restricted Period"), Executive will not, directly or indirectly, (i) enter into, by employed by, engage in, consult, manage or otherwise participate in the operation of any business which competes with the Business

Chris Grassi
Page 2
September 3, 2024

within the United States of America (the "Restricted Territory"), (ii) solicit customers, business, patronage or orders for, or sell any products or services in competition with, or for any business that competes with, the Business within the Restricted Territory, (iii) divert, entice or otherwise take away any customers, business, patronage or orders of Employer, or attempt to do so or (iv) promote or insist, financially or otherwise, any person engaged in any business which competes with the Business within the Restricted Territory. […] During the Restricted Period, Executive will not (other than on behalf of Employer), directly or indirectly (including through another person or entity): (i) recruit or solicit any person who is, or was, during the six (6) month period immediately prior to the date of recruitment or solicitation, an employee of Employer; (ii) induce or include any Person who is, or was, during the twelve (12) month period immediately prior to the Termination Date, a customer of Employer, to discontinue, modify or reduce its business relationship with Employer; or (iii) make disparaging remarks regarding Employer. […] Employer will also include any Affiliate of Employer.

We have reason to believe that you have violated these provisions by disclosing, using, or exploiting confidential and proprietary information of Keeco to benefit yourself and/or a competing business entity, by engaging in or assisting in competitive activities that harm Keeco's business interests and goodwill, and by soliciting, inducing, recruiting, or encouraging Keeco's customers, suppliers, or employees to terminate their relationship with Keeco or to do business with a competing entity. These actions constitute a breach of your fiduciary duties and your Employment Agreement, and may also give rise to claims for breach of contract, misappropriation of trade secrets, unfair competition, tortious interference, and other causes of action under applicable law. Keeco is currently engaged in an investigation to determine the full extent and impact of your wrongful and improper conduct and reserves all rights and remedies against you under your Employment Agreement, Separation Agreement (September 20, 2023), and applicable law.

Keeco demands that you immediately cease and desist from any further disclosure, use, or exploitation of any confidential or proprietary information of Keeco, or any further competitive or solicitation activities that violate your Employment Agreement or your fiduciary duties to Keeco. Keeco also requests that you promptly return to Keeco any and all documents, materials, devices, or media that contain or relate to any confidential or proprietary information of Keeco, or that belong to Keeco or its affiliates, that are in your possession, custody, or control.  You are hereby instructed to preserve all material and data concerning or relating to the matters described herein including, without limitation, all emails, text messages, phone records, paper files, financial records, and electronic data. For the avoidance of doubt, this instruction applies to any communications or payments to or from any source relating to Keeco or any company presently engaged in, or with any intention to engage in, a similar business, and to material and data in the hands of other persons or entities.

Please be advised that Keeco takes this matter very seriously and will pursue all legal actions and remedies available to it to protect its rights and interests. We request that you acknowledge receipt of this letter and confirm your compliance with the above demands by 5 pm (Eastern) on Friday, September 7, 2024.

Sincerely,

*[signature]*

Quinn Morgan
Chairman – Board of Directors – Keeco, Inc.

60 East 42nd Street, Suite 2220, New York, NY 10165
+1 (646) 843-0710 | info@centrelanepartners.com