# Exhibit E

**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile:  973-656-1611
www.ogletree.com

Harris S. Freier
(973) 385-1801
harris.freier@ogletree.com

September 10, 2024

**VIA ELECTRONIC MAIL & OVERNIGHT MAIL**

Curtis L. Tuggle, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Curtis.Tuggle@ThompsonHine.com

Re:     *Chris Grassi*

Dear Mr. Tuggle:

We have received your letter dated September 6, 2024 regarding Mr. Grassi's alleged post-employment restrictions resulting from his employment with Keeco, LLC ("Keeco"). It appears from your letter that Keeco concedes that the non-competition and non-solicitation provisions have expired. On this, we agree. As to Keeco's assertion that Mr. Grassi has some continuing obligation to participate in an "interview" with Keeco, without any specific allegations of wrongdoing, we do not agree.

Mr. Grassi has already expressed that he has not and has no intention to ever misuse, disclose, or exploit any confidential or proprietary information of Keeco. Moreover, Mr. Grassi has agreed to execute a Certification of Destruction of Company Records, by and through which Mr. Grassi would certify that he has not disclosed any Keeco confidential information and agrees, indefinitely, not to. Such a Certification should resolve any and all of your client's concerns with respect to Keeco confidential information. To the extent that it does not, it is unclear, what, if anything more your client is looking for on this issue.

As to your assertion that Mr. Grassi's representations "must be investigated," your client has proffered absolutely no basis to conclude that Mr. Grassi's representations lack veracity. As stated in our prior correspondence, if Keeco has any evidence supporting its claims against Mr. Grassi, we ask that you provide it so we can further investigate. Keeco's silence on this request has left us with no alternative but to conclude that no such evidence exists, and that, instead,

A South Carolina Professional Corporation  ■  Steven J. Luckner  ■  New Jersey Managing Shareholder

Atlanta • Austin • Berlin (Germany) • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Detroit Metro • Greenville
Houston • Indianapolis • Jackson • Kansas City • Las Vegas • London (England) • Los Angeles • Memphis • Mexico City (Mexico) • Miami • Milwaukee • Minneapolis • Montréal (Canada)
Morristown • Nashville • New Orleans • New York City • Oklahoma City • Orange County • Paris (France) • Philadelphia • Phoenix • Pittsburgh • Portland • Raleigh • Richmond
St. Louis • St. Thomas • Sacramento • San Antonio • San Diego • San Francisco • Seattle • Stamford • Tampa • Toronto (Canada) • Torrance • Tucson • Washington

Curtis L. Tuggle, Esq.
September 10, 2024
Page 2

Keeco's demands serve no purpose other than to harass and/or intentionally interfere with Mr. Grassi's prospective employment opportunities.

Moreover, Keeco's position concerning the cooperation provision in the Employment Agreement, Section 9(j), is entirely unavailing. It is irrational to believe that at the time of execution, the parties anticipated that Section 9(j) would be employed in the context of a post-employment adversarial investigation taking place over a year after the separation of employment, such as this. To the extent that Keeco maintains that such an interpretation of Section 9(j) was anticipated, it is clear such anticipation was unreasonable and one-sided. As such, there was no meeting of the minds with respect to Section 9(j), or, at a minimum, the terms of Section 9(j) are ambiguous cannot be enforced as Keeco asserts.

Furthermore, if the cooperation provision is to be interpreted in such a manner that obligates Mr. Grassi to participate in a post-employment adversarial investigation, it must then follow that the indemnification provision should similarly be binding on Keeco. As set forth in the Employment Agreement:

> **10. Indemnification.** The Company hereby agrees to indemnify Executive and hold him harmless to the fullest extent permitted by applicable law against and in respect of any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including, without limitation, reasonable attorney's fees), losses and damages resulting from or arising out of Executive being or having been an officer, director or employee of the Company or any of its Subsidiaries or Affiliates. This provision shall survive the termination of this Agreement and is in addition to any other rights of indemnification Executive may have.

Certainly, Keeco's allegations are necessarily "resulting from or arising out of Executive being or having been an officer, director or employee of the Company or any of its Subsidiaries or Affiliates." As a result, Keeco is contractually obligated to indemnify Mr. Grassi for "any and all claims, demands, judgments, costs, expenses (including, without limitation, reasonable attorney's fees), losses and damages" associated with Keeco's present claims.

It is apparent that Keeco's creative interpretation of the cooperation provision, is nothing more than an attempt to circumvent the expiration of the restrictive covenants within the Employment Agreement, namely the non-compete and non-solicitation provisions. The reality is that Keeco has absolutely no basis to allege any violation of the Employment Agreement and is now bent on engaging in a fishing expedition, seeking what essentially amounts to unfettered discovery from an a former employee against whom it has threatened litigation.

In light of the foregoing, Mr. Grassi will not participate in any general investigation by Keeco adversarial to himself, and certainly not any "interview" in connection with same.

Curtis L. Tuggle, Esq.
September 10, 2024
Page 3

However, should Keeco present specific allegations of unlawful conduct, we assure you that Mr. Grassi, through counsel, will investigate and address any such allegations, accordingly.

Notwithstanding any of the foregoing, Mr. Grassi continues to work with counsel to determine what, if any, Keeco confidential information he has in his possession. Upon completion of this search, Mr. Grassi agrees to destroy any and all Keeco confidential information in his possession, should there be any, and to execute the Certification of Destruction of Company Records at your direction.

Please contact us at your earliest convenience to discuss and clarify any specific allegations that need to be addressed.

**Nothing in this letter should be construed as a waiver of, or otherwise prejudice, any of Mr. Grassi's legal rights.**

Very truly yours,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

/s/ *Harris S. Freier*

Harris S. Freier, Esq.

HSF/djf