# Exhibit F

THOMPSON HINE

ATLANTA    CINCINNATI    COLUMBUS    LOS ANGELES    WASHINGTON, D.C.
CHICAGO    CLEVELAND    DAYTON    NEW YORK

October 1, 2024

VIA ELECTRONIC MAIL & REGULAR U.S. MAIL

Harris S. Freier, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
harris.freier@ogletree.com

Re: Chris Grassi

Dear Mr. Freier:

We have received your letter dated September 10, 2024, regarding the investigation by Keeco, LLC ("Keeco") into whether your client, Chris Grassi, breached his fiduciary and contractual duties to Keeco by engaging in activities that constitute competition, solicitation, and disclosure of confidential information. We have reviewed your letter and find it wholly unpersuasive and unacceptable.

Your letter attempts to challenge the validity and enforceability of the cooperation provision in Section 9(j) of the Employment Agreement between Keeco and Mr. Grassi. That provision requires Mr. Grassi to cooperate with Keeco in any internal investigation without limitation to subject matter and requires that he provide to Keeco all pertinent information and documents. Your letter also asserts that Mr. Grassi is entitled to indemnification by Keeco for any claims arising out of his breach of his agreement with Keeco. Both of these arguments are without merit and contrary to the plain language and intent of the Employment Agreement.

The cooperation provision in Section 9(j) is clear and unambiguous. It states that Mr. Grassi "agrees to cooperate with the Company in any internal investigation or administrative, regulatory or judicial proceeding involving matters within the scope of his employment or service to the Company (including, without limitation, being available to the Company upon reasonable notice for interviews and factual investigations, appearing at the Company's request to give testimony without requiring service of a subpoena or other legal process, volunteering to the Company pertinent information and turning over to the Company all relevant documents which are or may come into his possession, all at times and on schedules that are reasonably consistent with his other permitted activities and commitments)." Section 9(j) does not limit the scope or timing of Keeco's right to conduct an internal investigation or to request Mr. Grassi's cooperation. The requirement to cooperate does not depend on whether Keeco has specific allegations of wrongdoing or whether the investigation is adversarial to Mr. Grassi. It does not expire upon the termination of Mr. Grassi's employment or the expiration of any non-competition or non-solicitation clauses. It is a continuing obligation that survives the Employment Agreement and is binding on Mr. Grassi regardless of his current or prospective employment.

The indemnification provision in Section 10 is also clear and unambiguous. It states that Keeco "agrees to indemnify Executive and hold him harmless to the fullest extent permitted by applicable law against and in respect of any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including, without limitation, reasonable attorney's fees), losses and damages resulting from or arising out of Executive being or having been an officer, director or employee of the Company or any of its Subsidiaries or Affiliates." This provision does not grant Mr. Grassi a blanket immunity from any and all claims that Keeco may have against him for breaching his fiduciary and contractual duties to Keeco. It does not

---

THOMPSON HINE LLP     3900 Key Center              www.ThompsonHine.com
ATTORNEYS AT LAW      127 Public Square            O: 216.566.5500
                      Cleveland, Ohio 44114-1291   F: 216.566.5800



preclude Keeco from enforcing its rights and remedies under the Employment Agreement or applicable law. It does not obligate Keeco to indemnify Mr. Grassi for any claims that are based on his own misconduct, fraud, negligence, or willful violation of the Employment Agreement or any other legal obligation. It is subject to the limitations and conditions of applicable law, which may include, among other things, the requirement that Mr. Grassi act in good faith and in the best interests of Keeco.

Your letter also fails to address the substance of Keeco's investigation and the evidence that Keeco has obtained or may obtain regarding Mr. Grassi's breaches of his fiduciary and contractual duties to Keeco. As we have previously stated, Keeco has reason to believe that Mr. Grassi directly or indirectly (i) attempted to recruit current or former employees of Keeco for competing businesses, (ii) engaged in formal or informal discussions with competing businesses that involved the disclosure of Keeco's confidential information, (iii) provided directly or indirectly Keeco's confidential information, including customer and product information, to third parties, (iv) communicated directly or indirectly with customers and suppliers of Keeco concerning the possibility of these parties transacting business with third parties and/or ending their business relationship with Keeco, and (v) used Keeco's confidential information to advance his personal interests and those of businesses in which he has an interest including Grassi & Associates. If true, these activities constitute breaches of Mr. Grassi's fiduciary and contractual duties to Keeco, including his duty of loyalty, his duty to avoid conflicts of interest, his duty to protect and not disclose confidential information, and his duty to comply with the non-competition and non-solicitation provisions of his Employment Agreement.

Despite Keeco's request for Mr. Grassi's cooperation and compliance with the Employment Agreement, your letter states that Mr. Grassi refuses to cooperate with Keeco's investigation, including by producing all relevant documents and appearing for an in-person interview. This refusal constitutes a further breach of Mr. Grassi's obligations to Keeco and exposes him to legal action by Keeco to enforce its rights and remedies under the Employment Agreement and applicable law. Keeco will not tolerate Mr. Grassi's defiance and obstruction of its investigation.

Mr. Grassi's willful and intentional obstruction of the investigation in breach of his legal obligations to Keeco has left Keeco with no choice but to pursue its rights and remedies through legal action, including seeking injunctive relief, damages, attorney's fees, and costs. Keeco reserves all of its rights.

Sincerely,

*[signature]*

Curtis L. Tuggle

cc: Quinn Morgan, Chairman of Keeco, Inc. Board of Directors
    John Conkle, Esq.